**UNITED STATES BANKRUPTCY COURT
FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **In the Matter of:** : | |
| : | |
| : | |
| **BV MANAGEMENT, LLC,** : | Chapter 7 |
| : | Case No. 22-10662-BFK |
| Debtor. : | |
| : | |
| _____ : | |

## OBJECTION TO TRUSTEE'S FINAL REPORT

**COME NOW** G2 BVM, LLC ("G2 BVM") and The Fred R. Gumbinner Living Trust (the "Gumbinner Trust" and together with G2 BVM, referred to collectively as "G2"), by counsel, and file this Objection to the Trustee's Final Report ("TFR") as filed in this case. G2 objects to the TFR to because it fails to provide for payment to G2 on account of its claims. Grounds exist to require amendment to the TFR for the reasons set forth hereinbelow.

1. The Debtor is a company wholly owned by Tariq (Rick) Rahim ("Rahim") and which conducted business as a "re-seller" of goods and merchandise on Amazon. The Debtor's primary business model consisted of identifying market abnormalities in which discount chains such as Costco, Sams Club and, Walmart were selling merchandise at price points less than purchasers were then paying on Amazon store fronts. The Debtor then sold units on Amazon to end users and borrowed money from third party lenders through access to credit card accounts to order and direct ship merchandise to the end user from the discount chain offering a lower price. The Debtor swept the profit on sale without having to engage in the actual storing or shipping of merchandise itself.

1

2. Upon information and belief, the Debtor operated its re-selling business through Amazon by operation of several "store fronts" or account names under which it conducted re-selling activities. Names of the various Amazon accounts included the following:

   a. Bubblysuz LLC

   b. Kitchen Dazzle LLC

   c. Veterans Sell LLC

   d. Art's Stores, Inc.

   e. SaveMyRemote

   f. MeetzUrNeedz

Upon information and belief, none of the above referenced accounts were separately organized or incorporated and all were operated directly by the Debtor. Upon information and belief, the operation of multiple store fronts was utilized by the Debtor to avoid limitations imposed by Amazon with respect to re-selling of goods and merchandise on its platform.

3. G2 is by far the largest creditor of the Debtor, having loaned and advanced millions of dollars to the Debtor to facilitate its purchase and resale of merchandise. G2 was actively defrauded by Rahim in connection with the loans and advances, who repeatedly assured G2 that Amazon receivables more than exceeded the balance of loans advanced by G2 in connection with the Debtor's business.[1] At the time of the filing of the Debtor's bankruptcy herein, G2 had undertaken to draft and file a Complaint in Fairfax County Circuit Court seeking a recovery of its loan balances and claiming fraud on the part of Rahim and the Debtor for false

---

1 It is of note that the Debtor's principal, Rahim, has recently pled to federal criminal charges of tax fraud and wire fraud related to his various business operations. Rahim is a serial fraudster who repeatedly failed to timely file schedules in this case and was ultimately found in contempt of this Court for his continued refusal to obey orders requiring the accounting for and turnover of assets of the estate.

statements made to induce G2's loans.

4. This case was filed as voluntary petition under Chapter 11 of the Bankruptcy Code on May 26, 2022. After failing to file required schedules herein, the Debtor's case was converted to Chapter 7 on July 27, 2022. The Debtor finally filed bankruptcy schedules on August 26, 2022 after multiple orders of this Court requiring same (see, Dkt. #60, 98). The bankruptcy schedules listed accounts receivable due from Amazon of $1,200,000.00, *all* of which were identified as being over 90 days old. The Debtor's schedules also listed G2 BVM and the Gumbinner Trust as secured claims on Schedule D, but claimed that there was no value to any collateral securing such claims. (See schedules filed at Dkt. #120).

5. On December 2, 2022, G2 BVM filed its proof of claim herein in the total amount of $2,979,209.00 which is currently docketed as Claim #8 (the "G2 BVM POC"). At the time, it was unknown whether or not there was actual value to the Amazon accounts receivable listed by the Debtor on its schedules. Accordingly, the G2 BVM POC answered "yes" to the question #9 which asks "Is all or any portion of the claim secured?" However, lacking information as to the actual existence of receivables, the G2 BVM POC listed the amounts of the secured and unsecured portions of the claims as "UNKNOWN."

6. On December 2, 2022, the Gumbinner Trust filed its proof of claim herein in the total amount of $342,143.00 which is currently docketed as Claim #9 (the "Gumbinner Trust POC"). At the time, it was unknown whether or not there was actual value to the Amazon accounts receivable listed by the Debtor on its schedules. Accordingly, the Gumbinner Trust POC answered "yes" to the question #9 which asks "Is all or any portion of the claim secured?" However, lacking information as to the actual existence of receivables, the Gumbinner Trust

3

POC listed the amounts of the secured and unsecured portions of the claims as "UNKNOWN."

7.  G2 now believes that the Debtor's representations of accounts receivable due from Amazon were false, and that no such amounts are recoverable in connection with the Debtor's Amazon resale business. Upon information and belief, the Trustee obtained information from Amazon during the pendency of this case and is also aware, or of the belief, that there are no material amounts due from Amazon.

8.  During the pendency of the case, the Trustee conducted a Rule 2004 examination of Amazon (see, Dkt. #116) and is believed to have obtained accounting information relating to sales and account balances for the various Amazon accounts or storefronts operated by the Debtor as identified in par. 2 hereinabove. Upon information and belief, information provided by Amazon to the Trustee evidenced only one store front with a balance Amazon acknowledged as due and payable: $33,000.00 payable with respect to the MeetzUrNeedz account/storefront.

9.  On May 5, 2025, the Trustee filed the TFR herein proposing final distribution to creditors and claimants in connection with this case. As currently filed, the TFR proposes no payments to G2 on account of its filed claims. G2 was not aware of the intended filing of the TFR, and had no pre-filing communication with the Trustee regarding the nature of its claims herein.

10. G2 is by far the largest creditor in this case, holding current claims in excess of three million dollars. The proofs of claims filed by G2 herein set forth the full amounts claimed, and confirm that G2 was then without information as to the value of any collateral securing such claims. It is clear, however, that material portions of such claims, if not their entirety, are and remain unsecured.

11. G2 is entitled to have the unsecured portions of its claims included in the scheme of distribution proposed in the TFR. The Trustee has collected over $500,000.00 in this case, largely in avoidance claims, so distributions on account of G2's claims would be material and meaningful. G2 now believes and represents that the secured portion of its claims amounts to no more than the $33,000.00 Amazon has acknowledged as being due and payable to the MeetzUrNeedz account/storefront. It is of note that the bankruptcy schedules list literally no other tangible asset of any kind other than the claimed Amazon receivables. Even the Debtor's schedules confirm that material components of G2's claims are and were unsecured.

WHEREFORE, G2 is entitled to be included in distributions payable to unsecured creditors herein, requests that this Court deny approval of the TFR as currently filed, that the Court direct amendment of the TFR to include payment on account of the G2 claims, and that G2 have such other and further relief as this Court may deem just.

                                                          **G2 BVM, LLC**
                                                          **THE FRED R. GUMBINNER LIVING TRUST**
                                                          **By Counsel**

/s/ Kevin M. O'Donnell
Kevin M. O'Donnell, VSB #30086
Henry & O'Donnell, P.C.
300 N. Washington Street
Suite 604
Alexandria, Virginia  22314
703-548-2100 *telephone*
703-548-2105 *facsimile*
kmo@henrylaw.com
Counsel to G2 BVM, LLC and The Fred R. Gumbinner Living Trust

**CERTIFICATE OF SERVICE**

    I hereby certify that a true copy of the foregoing notice was served via the ecf system or was mailed, postage pre-paid, on this 27th day of May, 2025, to the following parties:

- The Chapter 7 Trustee, Janet Meiburger
- Office of the U.S. Trustee
- Counsel to the Debtor
- All parties (via ECF service) requesting notice in these proceedings.

                                                  /s/ Kevin M. O'Donnell
                                                  Kevin M. O'Donnell