IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|  |  |
|---|---|
| IN RE:<br><br>BV MANAGEMENT LLC<br><br>Debtor | Case No. 22-10662-BFK<br>Chapter 7 |

**TRUSTEE'S RESPONSE TO OBJECTION TO TRUSTEE'S FINAL REPORT**

Janet M. Meiburger, Chapter 7 Trustee, by her undersigned counsel, hereby files this Trustee's Response to Objection to Trustee's Final Report (the "Objection") (Docket No. 533) filed on behalf of the Fred Gumbinner Living Trust (the "Trust") and G2 BVM, LLC. In support of this Response, the Trustee states as follows:

**BACKGROUND**

1. On May 26, 2022, the Debtor filed a voluntary petition for relief pursuant to Chapter 11 Subchapter V of the Bankruptcy Code (the "Petition Date"). On July 27, 2022, the Court entered an order converting the case to a case under Chapter 7 (Docket No. 64). The Trustee was appointed on July 28, 2022 (Docket No. 66).

2. The Debtor was purportedly engaged in selling goods through various Amazon storefronts. In order to purchase the goods, the Debtor used credit cards issued in the names of various individuals. *See, e.g.,* Claim No. 3-1 filed on behalf of Mark Gross, to which is attached a detailed accounting of the financing provided to the Debtor and copies of Mr. Gross' American

---

Janet M. Meiburger, Esq., VA Bar No. 31842
The Meiburger Law Firm, P.C.
1487 Chain Bridge Road, Suite 200
McLean, VA 22101
(703) 556-7871
Counsel for Chapter 7 Trustee

Express credit card statements through which the Debtor purchased items for resale through the Amazon storefronts.

3.      The deadline to file claims in the Chapter 7 case was December 5, 2022. On December 2, 2022, Claim No. 8 was filed on behalf of G2 BVM, LLC and Claim No. 9 was filed on behalf of the Trust (G2 BVM, LLC and the Trust are referred to together as the "Claimants").. Claim No. 8 is in the amount of $2,979,209.00 and Claim No. 9 is in the amount of $342,143.00.

4.      Both claims include credit card and other financing purportedly provided to the Debtor. Claim No. 8 also includes lost reward points, damages for adverse credit impact, the value of an equity interest in the Debtor, and substantial fees. Both claims also include distributions allegedly owed by the Debtor. Some of the amounts are estimated, and there is no explanation of how the amounts were determined. Claim No. 9 has two columns, "CC's" and "Cash", neither of which is explained.

5.      Both claims state that they are secured. Attached to both claims are copies of filed financing statements which describe the collateral as all of the Debtor's assets. The financing statement securing Claim No. 9 was filed on January 6, 2020 and the financing statement securing Claiming No. 8 was filed on January 7, 2020. Therefore, the lien securing Claim No. 9, in favor of the Trust, is superior to the lien securing Claim No. 8, in favor of G2 BVM, LLC.

6.      As a practical matter, the only potential assets of the Debtor to which the Claimants' liens could apply were the receivables from the Amazon storefronts. Early in the administration of this case, the Trustee investigated the extent of the receivables from the Amazon storefronts. On September 8, 2022, the Court entered an order authorizing the Trustee to examine Amazon pursuant to Federal Rule of Civil Procedure 2004 (Docket No. 133). The

Trustee issued a subpoena to Amazon and obtained information about the amount potentially owed to the Debtor for each of the storefronts. This information indicated that the amount owed was only $33,000.00. In light of the fact that the Claimants held liens on these receivables, the Trustee sent an email to Mr. Gumbinner's counsel on February 1, 2023, suggesting that she would take steps to collect this amount in return for a carveout for the bankruptcy estate. The Trustee sent follow-up emails on February 27, 2023 and July 13, 2023, but she did not receive a response, so she did not take any steps to collect these receivables.

7. The funds in the bankruptcy estate consist primarily of funds recovered from various parties pursuant to various avoidance claims. Notices of the settlement of these claims were served on all creditors, including the Claimants. *See, e.g.,* Docket No. 309 (notice of settlement with Mark Gross for $30,000.00); Docket No. 368 (notice of settlement with Luxury Lease Company for $11,988.78); Docket No. 384 (notice of settlement with Stelios and Valli Kirimlis for $18,000.00); Docket No. 426 (notice of settlement with Patrick Mullin for $19,856.00); Docket No. 466 (notice of settlement with Citibank for $26,000.00) Docket No. 468 (notice of settlement with Performance Automotive Group for $22,500.00); Docket No. 480 (notice of settlement with Discover Bank for $19,000.00); Docket No. 473 (notice of settlement with Synchrony Bank for $37,500.00); and Docket No. 476 (notice of settlement with PHH Mortgage Corporation for $100,188.97). The most recent of these notices was filed on October 29, 2024 (Docket No. 480).

8. Once these funds were recovered, the Trustee turned her attention to examining the claims and objecting to the claims that the Trustee determined were objectionable. As part of this effort, in February, 2025, the Trustee objected to Claim No. 10 filed on behalf of Icon Finance, LLC, which was another entity owned by Mr. Gumbinner. Claim No. 10 was for fees

3

allegedly earned for finding investors for the Debtor. The basis of the Trustee's objection was that the Trustee was unable to determine whether the claim was allowable because there was no support attached to the claim. There was no response to the Trustee's objection and Claim No. 10 was disallowed (Docket No. 522).

9. The Trustee did not object to Claim No. 8 or Claim No. 9 because they were filed as secured claims and were not entitled to participate in the distribution to unsecured creditors.

## ARGUMENT

### As Secured Claims, Claims 8 and 9 Are Not Entitled to Participate in the Distribution to Unsecured Creditors

10. Claims 8 and 9 were filed as secured claims. As such, they did not assert a right to participate in the distribution to unsecured creditors. They have not been amended. Therefore, Claims 8 and 9 are not entitled to participate in the distribution to unsecured creditors.

11. In *United States v. Oscher (In re J.H. Inv. Servs.),* 452 Fed. Appx. 858 (11th Cir. 2011), the IRS filed a secured claim for $46 million in the Chapter 11 case of J.H. Investment Services, Inc. When the Chapter 11 Trustee filed a liquidating plan, the IRS objected to the plan, asserting that, because its lien was undersecured, an unsecured deficiency was implied in its claim under 11 U.S.C. §506. The Trustee did not dispute that the IRS claim was undersecured. However, the question was whether the IRS claim "raised or preserved" an unsecured claim. *Id.* at 861. In analyzing this issue, the Court stated that no creditor is required to assert an unsecured claim, and that any creditor, including an undersecured creditor, which intends to assert an unsecured claim must take affirmative steps to do so. *Oscher, supra,* 452 Fed. Appx. at 861. This requirement "serves an important notice function" to interested parties and gives them an opportunity to object to the claim. *Id.* at 862. If the claim of an undersecured creditor does not demonstrate an intent to pursue an unsecured claim, the Trustee is not required to inquire about

4

the lack of a deficiency claim. *Id.* The Court in *Oscher* concluded that the IRS was not entitled to participate in the distribution to unsecured creditors under the Chapter 11 plan.

12. The facts here are similar to those in *Oscher*, and the outcome should be the same. Claims 8 and 9 were filed as secured claims. Like the IRS in *Oscher,* the Objection argues that the Trustee somehow should have known that the Claimants intended to assert unsecured claims because "[i]t is clear, however, that material portions of such claims, if not their entirety, are and remain unsecured." Objection Paragraph 10, page 4. However, in *Oscher* the Trustee did not dispute that the IRS claim was undersecured, and the Court made clear that the Trustee was not required to "ask the undersecured creditor why he elected not to pursue a deficiency claim." *Id.* at 862. Therefore, whether the Trustee knew or should have known that Claims 8 and 9 were undersecured is irrelevant.

13. In addition, in order to provide for a distribution to a creditor in the final report, the Trustee must determine the amount that is being claimed as unsecured. Here, neither claim gave an amount that was claimed as unsecured. Claim No. 8 states "Unknown" on the line for "Amount of the claim that is unsecured" and in Claim No. 9 this line is blank. Where, as here, the claim does not state an amount that is claimed as unsecured, then "the Trustee and other parties can conclude that the creditor has decided not to pursue its deficiency claim." *Id.* at 861.

14. The Claimants' approach would have required the Trustee to do exactly what *Oscher* determined she was not required to do – inquire of the Claimants as to whether they intended to assert a deficiency amount as an unsecured claim and, if so, what amount they intended to claim. However, the Trustee is not required to enable the Claimants to improve their position beyond what is stated on their filed proofs of claim.

### The Claimants Should Not be Permitted to
### Amend Claims 8 and 9 to Assert Unsecured Deficiency Claims

15. The Claimants have not amended their claims, but they could either file amended claims or seek Court approval to amend their claims. Therefore, the Trustee will also address the issue of whether amendments to the claims at this stage in this case should be permitted.

16. The courts have applied a two-prong test to determine whether an amendment to a claim should be allowed after the bar date. The first inquiry is whether the amendment asserts a new claim. If it does not assert a new claim, then the second inquiry is whether it would be inequitable to allow the claim to be amended, taking into account factors such as the harm to the other claimants and the reason for the delay. *In re Enron Corp,* 298 B.R. 513, 520-21 (Bankr. S.D. N.Y. 2003), *aff'd sub nom. Midland Cogeneration Venture L.P. v. Enron Corp. (In re Enron Corp.)*, 419 F.3d 115 (2d Cir. 2005).

17. Regarding the first prong of the test, if the Claimants were permitted to amend their claims to assert an unsecured deficiency amount, the unsecured portion of the amended claims would effectively constitute new claims because they would, for the first time, assert a right to participate in the distribution to unsecured creditors. In addition, in this case, the effect of such participation on the other unsecured creditors would be devastating. As shown on the Trustee's Final Report (Docket No. 528), Exhibit D at p. 18 of 19, the amount available for distribution to unsecured creditors, after payment of administrative expenses and priority claims, is $292,894.31. If Claim Nos. 8 and 9 were allowed as unsecured, they would receive $242,066.83, or more than 80%, of the $292,894.31. *See* the proposed distribution attached as Exhibit A, at p.4. Stated differently, the distribution to other unsecured creditors would decline by more than 80%, from 42.4% under the Trustee's Final Report to 7.35% under the proposed distribution attached as Exhibit A. *Compare* the Trustee's Final Report (Docket No. 528),

6

Exhibit D at p. 18 of 19, with Exhibit A, p.4.  The fact that, in this case, allowing Claims 8 and 9 as unsecured claims would have a severe adverse impact on the other unsecured creditors further demonstrates that, if Claims 8 and 9 were amended, the amended claims should be considered to be new claims.

18.    As new claims, the amended claims would be tardy and would not receive any distribution because they would be subordinated to the timely filed claims under 11 U.S.C. §726(a)(3).

19.    Under the second prong of the test, even if the Court determined that the amended claims were not new claims, it should not permit the amendment because of the inequitable and prejudicial impact on the creditors who filed timely unsecured claims.

20.    As stated previously, if Claims 8 and 9 were amended, the amended claims, in their current amounts, would have a devastating impact on the distribution to the other unsecured creditors, one of which recently purchased its claim (Docket No. 530), no doubt in reliance on the fact that Claims 8 and 9 were filed as secured claims.

21.    Moreover, the delay in raising the issue of the status of Claims 8 and 9 weighs against allowing the claims to be amended.  Even by December 2, 2022, when Claims 8 and 9 were filed, the Claimants had sufficient information to determine that a significant portion of their claims were not secured.  As stated in the Objection, the Debtor's schedules listed receivables with a value of $1,200,000.00 (Docket No. 120).  The schedules also listed business process systems with a value of $200,000.00 and Amazon accounts with a value of $500,000.00.  The total assets on the Debtor's schedules had a value of $2,039,000.00.  There were three secured creditors listed, the Claimants and Dirk Thomas, who was shown as having a disputed secured claim in the amount of $500,000.00.  Mr. Thomas' lien was shown as having been filed

7

in 2018 and therefore as superior to the liens of the Claimants. In comparison, the combined amount of Claims 8 and 9 is $3,321,352.00. Therefore, it should have been clear to the Claimants that a significant portion of their claims were unsecured. The Claimants could have included an amount as unsecured on their claims and updated the amount later if necessary, thereby clearly giving notice that they intended to participate in the distribution to unsecured creditors, but they did not.

22. Furthermore, the Claimants knew no later than February 1, 2023, that the value of the collateral securing their claims was far below the asserted amount of the claims. *See* Paragraph 6 above. They were also on notice that there would be significant funds to distribute. Nevertheless, they waited almost 18 months after February 1, 2023, and more than six months after the last notice of settlement was filed, to assert a right to participate in the distribution to unsecured creditors.

23. Moreover, Claims 8 and 9 in their current form are patently objectionable. The claims include equity interests and unpaid equity distributions, and there is no explanation or substantiation for the component amounts of the claims. If the claims could be amended as unsecured, it would be necessary for the Trustee to object to the claims, which she would have done long ago if the claims had been filed as unsecured. The objections will give rise to additional administrative expenses and will further delay the distribution to creditors beyond the more than three years since this case was filed.

WHEREFORE, Janet M. Meiburger, Chapter 7 Trustee, by counsel, hereby requests that the Court overrule the Objection to Trustee's Final Report, filed on behalf of The Fred Gumbinner Living Trust and G2 BVM, LLC, and grant such other relief as the Court deems appropriate under the circumstances.

                                            Respectfully submitted,

                                            The Meiburger Law Firm, P.C.

Dated: June 4, 2025                 By: /s/ Janet M. Meiburger
                                            Janet M. Meiburger, Esq. (VSB No. 31842)
                                            The Meiburger Law Firm, P.C.
                                            1487 Chain Bridge Road, Suite 200
                                            McLean, Virginia 22101
                                            (703) 556-7871

                                            Attorney for Chapter 7 Trustee

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of June, 2025, a true and correct copy of the foregoing Trustee's Response to Objection to Trustee's Final Report will be served by ECF e-mail pursuant to the applicable Standing Order of the Court, and by first class mail, postage prepaid (without this certificate of service) by BK Attorney Services, LLC d/b/a certificateofservice.com to the attached list.

/s/ Janet M. Meiburger
Janet M. Meiburger

J:\Trustee\BV Management, LLC (22-10662)\Pleadings\TFR.Objection.Response.1.docx

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0422-1<br>Case 22-10662-BFK<br>Eastern District of Virginia<br>Alexandria<br>Wed Jun  4 14:45:06 EDT 2025 | BV Management LLC<br>10001 Georgetown Pike<br>Suite 1170<br>Great Falls, VA 22066-8054 | (p)CEDAR GLADE CAPITAL LLC<br>ATTN ATTN ROBERT MINKOFF<br>600 MADISON AVENUE 17TH FLOOR<br>NEW YORK NY 10022-1680 |
| Colvin Properties, LLC<br>Executive Law Partners, PLLC<br>11130 Fairfax Blvd., Suite 303<br>Fairfax, VA 22030-5035 | G2 BVM LLC<br>4826 Piney Branch Road<br>Fairfax, VA 22030-6233 | Massachusetts Department of Revenue<br>Bankruptcy Unit<br>PO Box 7090<br>Boston, MA 02204-7090 |
| TN Dept of Revenue<br>c/o TN Atty General's Office<br>Bankruptcy Division<br>P.O. Box 20207<br>Nashville, TN 37202-4015 | The Fred R. Gumbiner Living Trust<br>4826 Piney Branch Road<br>Fairfax, VA 22030-6233 | The Meiburger Law Firm, P.C.<br>1493 Chain Bridge Road, Suite 201<br>McLean, VA 22101-5726 |
| Walton & Adams, P.C.<br>1925 Isaac Newton Square, Suite 250<br>Reston, VA 20190-5024 | United States Bankruptcy Court<br>200 South Washington Street<br>Alexandria, VA 22314-5405 | Colvin Properties LLC<br>Attn:  Zia Hasanzadeh<br>104 S. Early St.<br>Alexandria, VA 22304-6311 |
| Colvin Properties, LLC<br>Attn:  Michael M. Hadeed, Jr., Esq.<br>510 King St., Suite 400<br>Alexandria, VA 22314-3132 | David Amsellem<br>c/o Jonathan B. Vivona, Esq.<br>601 King Street, Ste 400<br>Alexandria, VA 22314-3151 | Dirk Thomas<br>John McIntyre<br>c/o McIntyre Stein & Ashby<br>101 W. Main Street, Suite 920<br>Norfolk, VA 23510-1624 |
| G2 BVM, LLC<br>c/o Kevin O'Donnell<br>300 N Washington Street, Suite 204<br>Alexandria, VA 22314-2530 | GV BVM LLC<br>Attn:  Fred Gumbinner<br>4826 Piney Branch Road<br>Fairfax, VA 22030-6233 | Icon Finance, LLC<br>300 N. Washington Street, Suite 204<br>Alexandria, VA 22314-2530 |
| Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | James M. Newberry<br>8642 Overlook Road<br>McLean, VA 22102-1524 | Mark Gross<br>c/o Dunlap Bennett & Ludwig PLLC<br>Attn: W. Calvin Smith<br>211 Church Street SE<br>Leesburg, VA 20175-3034 |
| Massachusetts Department of Revenue<br>Attn: Bankruptcy Unit<br>PO Box 7090<br>Boston MA 02204-7090 | Rick Rahim<br>P.O. Box 1170<br>Great Falls, VA 22066-8170 | TN Dept of Revenue<br>c/o TN Attorney Generals Office<br>Bankruptcy Division<br>PO Box 20207<br>Nashville, TN 37202-4015 |
| The Fred R. Gumbinner Living Trust<br>c/o Fred Gumbinner, Trustee<br>300 N. Washington Street, Suite 204<br>Alexandria, VA 22314-2530 | Virginia Department of Taxation<br>P.O. Box 2156<br>Richmond, VA 23218-2156 | David Amsellem<br>c/o Jonathan B. Vivona, Esquire<br>601 King Street, Ste 400<br>Alexandria, VA 22314-3151 |
| Janet M. Meiburger<br>Janet M. Meiburger, Trustee<br>The Meiburger Law Firm, P.C.<br>1487 Chain Bridge Rd., Ste 200<br>McLean, VA 22101-5723 | John P. Forest II<br>11350 Random Hill Rd.<br>Suite 700<br>Fairfax, VA 22030-6044 | John P. Forest, II<br>11350 Random Hills Rd., Suite 700<br>Fairfax, VA 22030-6044 |

| | | |
|---|---|---|
| Matthew W. Cheney<br>Office of the U.S. Trustee - Region 4<br>1725 Duke Street<br>Suite 650<br>Alexandria, VA 22314-3489 | Robert M. Marino<br>Redmon Peyton & Braswell, LLP<br>510 King Street<br>Suite 301<br>Alexandria, VA 22314-3184 | (p)REALMARKETS<br>20333 MEDALIST DRIVE<br>ASHBURN VA 20147-4184 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Cedar Glade LP<br>600 Madison Ave., 17th Floor<br>New York, NY 10022 | (d)Cedar Glade LP<br>600 Madison Avenue, 17 th Floor<br>New York, NY 10022<br>Attn: Robert K. Minkoff, President | Stephen Karbelk<br>20333 Medalist Drive<br>Ashburn, VA 20147 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Luxury Lease Company, LLC | (u)United States Trustee | (u)Mark Gross |

| | |
|---|---|
| (d)Rick Rahim<br>PO Box 1170<br>Great Falls, VA 22066-8170 | End of Label Matrix<br>Mailable recipients     32<br>Bypassed recipients      4<br>Total                   36 |

# EXHIBIT A

Printed: 05/29/2025 3:03 PM

Page: 1

## Claims Proposed Distribution

Case: 22-10662 BV MANAGEMENT LLC

**Case Balance:** $338,893.91    **Total Proposed Payment:** $338,893.91    **Remaining Balance:** $0.00

| Claim # | Claimant Name | Pri | Type | Amount Filed | Amount Allowed | Paid to Date | Claim Balance | Proposed Payment | Remaining Funds |
|---|---|---|---|---|---|---|---|---|---|
| | The Meiburger Law Firm P.C. | 200 | Admin Ch. 7 | $1,600.91 | $1,600.91 | $1,600.91 | $0.00 | $0.00 | $338,893.91 |
| | <3120-00 Attorney for Trustee Expenses (Trustee Firm)> | | | | | | | | |
| | The Meiburger Law Firm P.C. | 200 | Admin Ch. 7 | $37,350.00 | $37,350.00 | $27,700.00 | $9,650.00 | $9,650.00 | $329,243.91 |
| | <3110-00 Attorney for Trustee Fees (Trustee Firm)> | | | | | | | | |
| | U.S. Bankruptcy Court | 200 | Admin Ch. 7 | $350.00 | $350.00 | $0.00 | $350.00 | $350.00 | $328,893.91 |
| | <2700-00 Clerk of the Court Costs> | | | | | | | | |
| Claim Memo: | Deferred Filing Fee for Adversary Proceeding 22-01093 (Docket No. 261). | | | | | | | | |
| | U.S. Bankruptcy Court | 200 | Admin Ch. 7 | $350.00 | $350.00 | $0.00 | $350.00 | $350.00 | $328,543.91 |
| | <2700-00 Clerk of the Court Costs> | | | | | | | | |
| Claim Memo: | Deferred Filing Fee for Adversary Proceeding 23-01018 (Docket No. 373). | | | | | | | | |
| | U.S. Bankruptcy Court | 200 | Admin Ch. 7 | $350.00 | $350.00 | $0.00 | $350.00 | $350.00 | $328,193.91 |
| | <2700-00 Clerk of the Court Costs> | | | | | | | | |
| Claim Memo: | Deferred Filing Fee for Adversary Proceeding 23-01024 (Docket No. 382). | | | | | | | | |
| | Redmond, Peyton & Braswell, LLP | 200 | Admin Ch. 7 | $2,939.31 | $2,939.31 | $2,939.31 | $0.00 | $0.00 | $328,193.91 |
| | <3220-61 Special Counsel for Trustee Expenses> | | | | | | | | |
| Claim Memo: | SPECIAL COUNSEL FOR TRUSTEE PER ORDER (DOCKET NOS. 420, 441, 450, 462, 500, AND 516) | | | | | | | | |
| | Redmond, Peyton & Braswell, LLP | 200 | Admin Ch. 7 | $137,582.50 | $137,582.50 | $137,582.50 | $0.00 | $0.00 | $328,193.91 |

Printed:   05/29/2025 3:03 PM                                                                                                              Page: 2

## Claims Proposed Distribution
### Case: 22-10662 BV MANAGEMENT LLC

| Case Balance: | $338,893.91 | | Total Proposed Payment: | $338,893.91 | | Remaining Balance: | $0.00 | |
|---|---|---|---|---|---|---|---|---|

| Claim # | Claimant Name | Pri | Type | Amount Filed | Amount Allowed | Paid to Date | Claim Balance | Proposed Payment | Remaining Funds |
|---|---|---|---|---|---|---|---|---|---|
| | <3210-60 Special Counsel for Trustee Fees> | | | | | | | | |
| Claim Memo: | SPECIAL COUNSEL FOR TRUSTEE PER ORDER (DOCKET NOS. 420, 441, 450, 462, 500, AND 516) | | | | | | | | |
| | Janet M. Meiburger | 200 | Admin Ch. 7 | $2,257.38 | $2,257.38 | $0.00 | $2,257.38 | $2,257.38 | $325,936.53 |
| | <2200-00 Trustee Expenses> | | | | | | | | |
| | Janet M. Meiburger | 200 | Admin Ch. 7 | $29,881.11 | $29,881.11 | $0.00 | $29,881.11 | $29,881.11 | $296,055.42 |
| | <2100-00 Trustee Compensation> | | | | | | | | |
| Total for Priority 200: | | | 100.00% Paid | $212,661.21 | $212,661.21 | $169,822.72 | $42,838.49 | $42,838.49 | |
| Total for Admin Ch. 7 Claims: | | | 100.00% Paid | $212,661.21 | $212,661.21 | $169,822.72 | $42,838.49 | $42,838.49 | |
| | John Forest | 300 | Admin Ch. 11 | $1,897.80 | $1,897.80 | $1,897.80 | $0.00 | $0.00 | $296,055.42 |
| | <6710-00 Other Prior Chapter Professional's Expenses> | | | | | | | | |
| Claim Memo: | Chapter 11 Attorney for Debtor Expenses (Docket No. 365). | | | | | | | | |
| | John Forest | 300 | Admin Ch. 11 | $12,435.00 | $12,435.00 | $12,435.00 | $0.00 | $0.00 | $296,055.42 |
| | <6700-00 Other Prior Chapter Professional's Fees> | | | | | | | | |
| Claim Memo: | Chapter 11 Fees of Attorney for Debtor (Docket No. 365). | | | | | | | | |
| | Jolene E. Wee | 300 | Admin Ch. 11 | $25.63 | $25.63 | $0.00 | $25.63 | $25.63 | $296,029.79 |
| | <6102-00 Prior Chapter Trustee Expenses> | | | | | | | | |
| Claim Memo: | Subchapter V Trustee expenses per order (Docket 61). | | | | | | | | |
| | Jolene E. Wee | 300 | Admin Ch. 11 | $2,185.00 | $2,185.00 | $0.00 | $2,185.00 | $2,185.00 | $293,844.79 |

Printed:  05/29/2025 3:03 PM    Page: 3

## Claims Proposed Distribution
### Case: 22-10662 BV MANAGEMENT LLC

| Case Balance: | $338,893.91 | Total Proposed Payment: | $338,893.91 | Remaining Balance: | $0.00 |

| Claim # | Claimant Name | Pri | Type | Amount Filed | Amount Allowed | Paid to Date | Claim Balance | Proposed Payment | Remaining Funds |
|---|---|---|---|---|---|---|---|---|---|
| | <6101-00 Prior Chapter Trustee Compensation > | | | | | | | | |
| | Claim Memo:  Subchapter V Trustee fees per order (Docket 61). | | | | | | | | |
| | Total for Priority 300: | | 100.00% Paid | $ 16,543.43 | $ 16,543.43 | $ 14,332.80 | $ 2,210.63 | $ 2,210.63 | |
| | Total for Admin Ch. 11 Claims: | | 100.00% Paid | $ 16,543.43 | $ 16,543.43 | $ 14,332.80 | $ 2,210.63 | $ 2,210.63 | |
| 1 | Massachusetts Department of Revenue | 570 | Priority | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $293,844.79 |
| | Claim Memo:  WITHDRAWN BY CREDITOR (DOCKET NO. 526). | | | | | | | | |
| 2 | TN Dept of Revenue | 570 | Priority | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $293,844.79 |
| | Claim Memo:  WITHDRAWN BY CREDITOR (DOCKET NO. 136). | | | | | | | | |
| 7P | Massachusetts Department of Revenue | 570 | Priority | $950.48 | $950.48 | $0.00 | $950.48 | $950.48 | $292,894.31 |
| | Total for Priority 570: | | 100.00% Paid | $ 950.48 | $ 950.48 | $ 0.00 | $ 950.48 | $ 950.48 | |
| | Total for Priority Unsecured | | 100.00% Paid | $ 950.48 | $ 950.48 | $ 0.00 | $ 950.48 | $ 950.48 | |
| 3-2 | Mark Gross | 610 | Unsecured | $337,004.98 | $337,004.98 | $0.00 | $337,004.98 | $24,808.09 | $268,086.22 |
| | Claim Memo:  CLAIM WAS AMENDED TO REFLECT PREFERENCE SETTLEMENT PAYMENT PER ORDER APPROVING SETTLEMENT (DOCKET NO.308). | | | | | | | | |
| 4 | Colvin Properties LLC | 610 | Unsecured | $241,472.00 | $193,458.54 | $0.00 | $193,458.54 | $14,241.15 | $253,845.07 |
| | Claim Memo:  ALLOWED IN A REDUCED AMOUNT PER COURT ORDER (DOCKET NO. 520). | | | | | | | | |
| 5 | Colvin Properties LLC | 610 | Unsecured | $241,472.00 | $0.00 | $0.00 | $0.00 | $0.00 | $253,845.07 |
| | Claim Memo:  DISALLOWED PER COURT ORDER (DOCKET NO. 520). | | | | | | | | |

Printed:   05/29/2025 3:03 PM                                                                                                                                     Page:  4

## Claims Proposed Distribution
### Case: 22-10662 BV MANAGEMENT LLC

| Case Balance: | $338,893.91 | Total Proposed Payment: | $338,893.91 | Remaining Balance: | $0.00 |

| Claim # | Claimant Name | Pri | Type | Amount Filed | Amount Allowed | Paid to Date | Claim Balance | Proposed Payment | Remaining Funds |
|---|---|---|---|---|---|---|---|---|---|
| 6 | Dirk Thomas | 610 | Unsecured | $1,272,379. | $0.00 | $0.00 | $0.00 | $0.00 | $253,845.07 |
| | Claim Memo: DISALLOWED PER COURT ORDER (DOCKET NO. 521). | | | | | | | | |
| 8 | G2 BVM, LLC | 610 | Unsecured | $2,979,209. | $2,979,209.00 | $0.00 | $2,979,209.00 | $219,309.76 | $34,535.31 |
| 9 | The Fred R. Gumbinner Living Trust | 610 | Unsecured | $309,143.00 | $309,143.00 | $0.00 | $309,143.00 | $22,757.07 | $11,778.24 |
| 10 | Icon Finance, LLC | 610 | Unsecured | $124,864.00 | $0.00 | $0.00 | $0.00 | $0.00 | $11,778.24 |
| | Claim Memo: DISALLOWED PER COURT ORDER (DOCKET NO. 522). | | | | | | | | |
| 11 | James M. Newberry | 610 | Unsecured | $10,000.00 | $10,000.00 | $0.00 | $10,000.00 | $736.13 | $11,042.11 |
| 12-2 | David Amsellem | 610 | Unsecured | $150,001.34 | $150,001.34 | $0.00 | $150,001.34 | $11,042.11 | $0.00 |
| | Total for Priority 610: | | 7.36% Paid | $ 5,665,545.65 | $ 3,978,816.86 | $ 0.00 | $ 3,978,816.86 | $ 292,894.31 | |
| 7PEN | Massachusetts Department of Revenue | 630 | Unsecured | $198.00 | $198.00 | $0.00 | $198.00 | $0.00 | $0.00 |
| | Total for Priority 630: | | 0% Paid | $ 198.00 | $ 198.00 | $ 0.00 | $ 198.00 | $ 0.00 | |
| | Total for Unsecured Claims: | | 7.36% Paid | $ 5,665,743.65 | $ 3,979,014.86 | $ 0.00 | $ 3,979,014.86 | $ 292,894.31 | |
| | Total for Case: | 22-10662 | | $5,895,898.77 | $4,209,169.98 | $184,155.52 | $4,025,014.46 | $338,893.91 | |