UNITED STATES BANKRUPTCY COURT
FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **In the Matter of:** : | |
| : | |
| : | |
| **BV MANAGEMENT, LLC,** : | Chapter 7 |
| : | Case No. 22-10662-BFK |
| **Debtor.** : | |
| : | |
| _____ : | |

### REPLY BRIEF REGARDING OBJECTION TO TRUSTEE'S FINAL REPORT

**COME NOW** G2 BVM, LLC ("G2 BVM") and The Fred R. Gumbinner Living Trust (the "Gumbinner Trust" and together with G2 BVM, referred to collectively as "G2"), by counsel, and file this Reply to the Trustee's Response to G2's Objection to Trustee's Final Report. This Reply is limited to a response to case law and authority submitted by the Trustee in support of her Opposition. As of the date of this filing, G2 BVM and the Gumbinner Trust have filed amended proofs of claims setting forth their representations of the dollar amounts of secured and unsecured portions of their respective claims, to the best of their knowledge and belief.

1.  G2 holds the largest claims, by far, of all creditors in this case and has timely filed proofs of claims setting forth the full amounts claimed by G2. The original proofs of claims did *not* identify the secured and unsecured portions of G2's claims because G2 was then without information sufficient to be able to accurately state such amounts. Amounts of secured and unsecured portions were listed as "Unknown" and the "Description" of each such claim printed on the claims register of this case states as to the G2 BVM claim that it is "partially secured by a

1

blanket lien on assets of the Debtor." The original Gumbinner Trust proof of claim likewise contains the description that the claim is "partially secured by Amazon accounts receivable." See, Claims Register at claims 8 and 9 respectively.

    2.    Leave to amend a proof of claim, even after the bar date, is generally freely given.

> … courts have consistently held that amendment, after the bar date has passed, of a timely-filed proof of claim to cure a defect in the claim as filed or to describe the claim with greater particularity should be freely allowed so long as the amendment will not cause undue prejudice to the debtor or to other creditors. Sambo's Restaurants, Inc. v. Wheeler (In re Sambo's Restaurants, Inc.), 754 F.2d 811 (9th Cir.1985); Unioil v. Elledge (In re Unioil, Inc.), 962 F.2d 988 (10th Cir.1992); Newcomb v. United States (In re Newcomb), 60 B.R. 520 (Bankr.W.D.Va.1986).

In re Marohn, 1997 WL 866612, at pg. 4 (Bankr. E.D. Va. Sept. 26, 1997). G2 has amended its proofs of claims to more clearly articulate the secured and unsecured portions.

    3.    The Trustee's Objection filed herein asks this Court to deny or refuse any amendment of G2's proofs of claim, alleging that undue prejudice exists to other creditors because the size and amount of G2's claims will substantially reduce the distributions currently proposed to such creditors. Yet, the mere fact of a reduced distribution has been rejected by most courts as a basis for establishing prejudice.

    4.    The majority of courts hold that a reduction in amounts paid to other creditors does *not* constitute the sort of "undue prejudice" prohibiting amendment of claims. See, e.g.; In re Outdoor Sports Headquarters, Inc., 161 B.R. 414, 422 (Bankr. S.D. Ohio 1993)(observing that "most amendments to proofs of claims brought after the bar date create prejudice to the extent that their allowance will often diminish the amount of the otherwise available distribution"); In re Parrott Broad. Ltd. P'ship, 518 B.R. 602, 612 (Bankr. D. Idaho 2014, internal citations omitted)(holding that "a mere reduction in the distribution is not sufficient prejudice to

justify disallowing (the) amended claim." And that "prejudice requires more than simply having to litigate the merits of, or to pay a claim—there must be some legal detriment to the party opposing."); and In re Forby, 2015 WL 4124332, at pg. 4 (Bankr. S.D. Ill. July 7, 2015, internal citations omitted)(holding that "the fact that other creditors in [a] case will receive a smaller distribution than they would [otherwise] does not establish the kind of 'prejudice' which would preclude [an] amendment" to a claim, … otherwise amendments would rarely be permitted, since other creditors will nearly always receive a reduced dividend when a claim is amended).

5.      Denying G2 its rights to participate in distributions in fact has the opposite effect. Other creditors of the estate reap a windfall of greater distributions through disallowance of valid and known claims. Existing law favors allowance of G2's amended proofs of claims. The Trustee's final report may easily be amended, no distributions have yet been made, and no "undue prejudice" exists as to the Debtor or other creditors herein. Some legal detriment must be evident to find undue prejudice. See, Parrot Broad, *infra.* No creditor has had its legal rights or remedies adversely affected by G2's amendment of claims and rights to participate herein and no legal detriment or change of position is alleged.

6.      Finally, the Trustee cites to the case of In re J.H. Inv. Servs., Inc., 452 F. App'x 858 (11th Cir. 2011) for the premise that leave to amend a proof of claim after the bar date should be denied. Yet, Oscher is clearly distinguishable on its facts, and more importantly, the case does not deal with, nor opine on, the law applicable to amendment of claims after the bar date. Oscher involved a case in which the IRS filed at least four different versions of a $46 million dollar proof of claim. Claim 6-4 which the IRS relied upon for its claim in connection with the Chapter 11 plan asserted that it was *fully* secured. One week before a confirmation

3

hearing on the Debtor's Chapter 11 plan, the IRS objected to the Plan claiming that its *fully* secured proof of claim should be deemed to contain an obvious unsecured priority portion that would preclude plan payments to unsecured creditors before their priority unsecured claim was paid. The 11th Circuit in Oscher merely held that the fully secured IRS proof of claim failed to preserve any rights to object as an unsecured creditor to the debtor's plan.

7. Most importantly, the 11th Circuit in Oscher noted in footnote #3 that the issue of potential amendment of IRS claim 6-4 had not been raised on appeal and so was not before the Court of Appeals. FN #3 stated as follows:

> After the bankruptcy court concluded that Claim # 6–4 did not assert an unsecured priority claim, the IRS filed Claim # 6–5. (Dkt. 1–15 at 2.) This claim showed that the IRS had a secured claim worth $148,000, an unsecured priority claim for approximately $26 million, and a general unsecured claim for $20 million. (*Id.*) The IRS argued that Claim # 6–5 properly amended Claim # 6–4 to assert its deficiency claim. (*Id.*) Oscher opposed the IRS saying that Claim # 6–5 was untimely. (Dkt.1–17.) Unfortunately, the record does not contain the bankruptcy court's resolution of this issue, and at any rate, the IRS has not raised the disallowance of Claim # 6–5 on appeal.

Id. at 863 (11th Cir. 2011). The Court in Oscher never addressed the principal issue before this Court.

WHEREFORE, G2 is requests that this Court permit and approve its amendment of proofs of claims herein, that the Court direct amendment of the TFR to include payment on account of the G2 claims, and that G2 have such other and further relief as this Court may deem just.

> G2 BVM, LLC
> **THE FRED R. GUMBINNER LIVING TRUST**
> **By Counsel**

/s/ Kevin M. O'Donnell
Kevin M. O'Donnell, VSB #30086
Henry & O'Donnell, P.C.
300 N. Washington Street
Suite 604
Alexandria, Virginia  22314
703-548-2100 *telephone*
703-548-2105 *facsimile*
kmo@henrylaw.com
Counsel to G2 BVM, LLC and The Fred R. Gumbinner Living Trust

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing notice was served via the ecf system or was mailed, postage pre-paid, on this 9th day of June, 2025, to the following parties:

- The Chapter 7 Trustee, Janet Meiburger
- Office of the U.S. Trustee
- Counsel to the Debtor
- Counsel to creditor Mark Gross
- All parties (via ECF service) requesting notice in these proceedings.

　　　　　　　　　　　　　　　　　　　　/s/ Kevin M. O'Donnell
　　　　　　　　　　　　　　　　　　　　Kevin M. O'Donnell