UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:

BV MANAGEMENT LLC,

        Debtor.

Case No. 22-10662-BFK
Chapter 7

**MEMORANDUM OPINION AND
ORDER SUSTAINING OBJECTION TO
TRUSTEE'S FINAL REPORT**

This matter came before the Court on the Objection of G2 BVM, LLC ("G2 BVM"), and The Fred R. Gumbinner Living Trust ("the Gumbinner Trust," and together with G2 BVM, the "G2 Claimants"), to the Chapter 7 Trustee's Final Report. Docket No. 533. The Trustee's Final Report is filed at Docket No. 528. The Trustee filed a Response to the G2 Objection. Docket No. 534. Mark Gross filed a Response supporting the Trustee's position. Docket No. 535. The G2 Claimants filed a Reply Memorandum. Docket No. 539.[1] The Court heard the parties' arguments on June 10, 2025. For the reasons stated below, the Court will sustain the Objection of the G2 Claimants to the Trustee's Final Report.

**Findings of Fact**

The Court finds that the following facts are not in dispute.

*A. BV Management Files for Bankruptcy.*

1.    On May 26, 2022, BV Management, LLC ("BV Management," or "the Debtor"), filed a Voluntary Petition under Subchapter V of Chapter 11 with this Court. Docket No. 1.

---

[1] Cedar Glade Capital LP ("Cedar Glade") filed a "Precautionary Response Regarding Trustee's Final Report." Docket No. 537. Cedar Glade did not appear at the hearing, so the Court considers its position to be waived.

1

2. The Debtor was in the business of purchasing goods from wholesalers, retailers, and manufacturers—such as Costco, Sam's Club, and Walmart—for resale on Amazon Storefronts; the Debtor borrowed funds in the form of advances, credit card lines of credit, and lines of credit to finance its operations. Docket Nos. 533, 534; Claim No. 3-1, Ex. A-B; Claim No. 8-2, pp. 4-39; Claim No. 9-3, pp. 4-16.[2]

3. On the Petition date, the Debtor filed a Motion for Contempt against its landlord, Colvin Properties. Docket No. 3.

4. On May 27, 2022, the Debtor filed an Application to Employ John P. Forest, II, as its counsel, which was granted. Docket Nos. 12, 84.[3]

5. On May 27, 2022, Jolene Wee was appointed Subchapter V Trustee. Docket No. 7.

6. On June 2, 2022, Rick Rahim was designated Debtor Designee. Docket No. 24.[4]

7. On June 4, 2022, the Court set a Bar Date for the filing of Proofs of Claim for non-governmental entities of August 4, 2022. Docket No. 26.

8. The first meeting of creditors was scheduled for June 23, 2022. *Id.*

9. On June 9, 2022, the Debtor moved for an initial extension of time to file its Lists, Schedules and Statements, which was granted through June 16, 2022. Docket Nos. 30, 31.

---

[2] G2 BVM's Claim No. 8-2 includes an incorrect UCC-1 Financing Statement listing "The Fred R Gumbinner Living Trust" as the secured party's name. The correct UCC-1 Financing Statement is attached to Claim No. 8-1 listing "G2 BVM LLC" as the secured party's name.

[3] The Order approving Mr. Forest's employment as counsel for the Debtor was not entered until August 9, 2022, after the case was converted to Chapter 7.

[4] Mr. Rahim filed a series of bankruptcy cases on behalf of his corporate entities with and without counsel, all of which were promptly dismissed. *In re Laser Nation Acquisition LLC*, No. 17-12437-KHK; *In re Myrtle Laser Tag, LLC*, No. 16-12050-RGM; *In re Outer Banks Laser Tag LLC*, No. 17-10128-BFK; *In re Mandoo House LLC*, No. 17-10461-KHK; *In re Business Ventures.com LLC*, No. 17-13849-BFK; *In re Myrtle Laser Tag, LLC*, No. 15-13933-RGM; *In re Chesapeake Family Fun, LLC*, No. 16-12466-BFK; *In re North Myrtle Laser Tag, LLC*, No. 17-10545-KHK. BV Management filed this case with the benefit of counsel.

10.     On June 16, 2022, the Debtor moved for a second extension of time to file its Lists, Schedules and Statements, which the Court again granted through July 19, 2022. Docket Nos. 34, 53.

11.     On June 28, 2022, the Debtor moved to dismiss the case, claiming that it had reached a settlement with Colvin Properties, and that the Debtor no longer needed bankruptcy protection. Docket No. 39.

12.     On July 12, 2022, the Court continued the Debtor's Motion to Dismiss the case to August 9, 2022, and admonished the Debtor that the Court would not dismiss the case without completed Schedules and a meeting of creditors. Docket No. 47.

13.     On July 13, 2022, the Court entered an Order granting the Debtor's Second Motion for an Extension of Time to file all Lists, Schedules and Statements through July 19, 2022, rescheduled the meeting of creditors to August 1, 2022, and continued the Debtor's Motion to Dismiss to August 9, 2022. Docket No. 53.

B.  *The Case is Converted to Chapter 7.*

14.     On July 26, 2022, with the Debtor's Lists, Schedules or Statements still not filed, the Court entered an Order requiring that all Lists, Schedules and Statements be filed by 12:00 noon the next day, July 27, or the case would be converted to Chapter 7. Docket No. 60.

15.     On July 27, 2022, at 11:57 a.m., the Debtor filed a Third Motion for Extension of Time Within Which to File Schedules and Statements. Docket No. 62. In the Motion, the Debtor asserted: "Due to a misunderstanding by the Debtor Designee, the schedules and statements have not been prepared." *Id.*, pp. 1-2.

16.     Later that day, the Court denied the Third Motion to Extend Time and converted the case to Chapter 7. Docket Nos. 64, 65.

17. On July 28, 2022, the Subchapter V Trustee filed her Report of No Distribution and was discharged from any further duties in the case. Docket Nos. 67, 71.

18. On July 28, 2022, Janet M. Meiburger was appointed Chapter 7 Trustee. Docket No. 66.

19. The meeting of creditors with the Chapter 7 Trustee was scheduled for September 1, 2022. Docket No. 74.

20. In the initial Notice of Chapter 7 Bankruptcy Case, the Court did not set a deadline for the filing of Proofs of Claim. *Id*. ("No property appears to be available to pay creditors. Therefore, please do not file a proof of claim now.")

21. On August 17, 2022, the Court entered an Order requiring Mr. Rahim to file the Lists, Schedules and Statements by August 26, 2022. Docket No. 98.

22. On August 26, 2022, three months after the Petition date, the Debtor filed its Schedules. Docket Nos. 120, 122.

23. On September 2, 2022, the Trustee filed a Request for Notice of Need to File Proof of Claim. Docket No. 128.

24. On September 4, 2022, the Clerk issued a Notice of Need to File Proof of Claim, setting a Bar Date to file Proofs of Claim of December 5, 2022. Docket No. 130.

On October 4, 2022, the Debtor filed a Motion to Convert the case back to Chapter 11, which the Court denied. Docket Nos. 160, 215.

*C. The Contempt Orders Against Mr. Rahim.*

25. On October 19, 2022, the Court held Mr. Rahim in contempt for refusing to turn over to the Trustee two Lamborghinis, which the Debtor leased from Luxury Leasing Company. Docket No. 211.

26. On November 16, 2022, the Court held Mr. Rahim in contempt for failure to provide the Trustee with computer passwords and with Amazon.com usernames and passwords. Docket Nos. 250, 251.

27. On December 13, 2022, the Trustee abandoned the bankruptcy estate's interest in the Lamborghinis. Docket No. 279.

28. On January 24, 2023, the Court entered a judgment against Mr. Rahim for contempt in the amount of $168,000.00, plus $5,215.00 in attorney's fees. Docket Nos. 314, 315.

29. On February 9, 2023, the Court entered a second judgment against Mr. Rahim in the amount of $76,000.00, plus $1,068.75 in attorney's fees, on these contempt findings. Docket Nos. 330, 331.

*D. The G2 Claims.*

30. On December 2, 2022, G2 BVM timely filed a Proof of Claim in the amount of $2,979,209.00. Claim No. 8-1. The claim stated that it was secured by a "blanket lien on all assets of the Debtor," and attached a Note and Security Agreement and a UCC-1 Financing Statement. *Id.* The Claim stated "unknown" for the value of the collateral, and "unknown" for the amount of the claim that was unsecured. *Id.*

31. On December 2, 2022, the Gumbinner Trust timely filed a Proof of Claim in the amount of $342,143.00. Claim No. 9-1. The claim was filed as a secured claim with a lien on "Amazon accounts receivable," and attached copies of a Note and a UCC-1 Financing Statement. *Id.* The value of the collateral was left blank, as was the amount of any unsecured portion of the claim. *Id.*[5]

---

[5] In March 2024, Mr. Rahim plead guilty to willful failure to account and pay for taxes. *United States v. Rahim*, Case No. 1:23-CR-173 (E.D. Va.). In August 2024, Mr. Rahim plead guilty to one count of Wire Fraud in the same Court. *United States v. Rahim*, Case No. 1:24-CR-00179 (E.D. Va.). In April 2024, Mr. Rahim plead guilty to Conspiracy to Commit Federal Programs Bribery and Honest Services Mail Fraud, in the Western District of Virginia. *United States*

E. *The Trustee's Final Report.*

32. On May 5, 2025, the Chapter 7 Trustee filed her Trustee's Final Report. Docket No. 528.[6]

33. Pursuant to the Final Report, the Trustee realized $532,622.19 in gross receipts, representing the proceeds of avoidance actions and the collection of the contempt judgments against Mr. Rahim. *Id.*, p. 1.

34. This would have resulted in the Trustee paying a dividend of 42.4% on allowed unsecured claims. *Id.*, p. 18.

35. The Trustee treated the G2 claims as fully secured. *Id.*, pp. 12 ("No Distribution Because the Claimant's Collateral Was Not Administered"), 17 (proposed payments of $0.00).

36. On May 27, 2025, the G2 Claimants filed an Objection to the Trustee's Final representing that "there are no material amounts due from Amazon," and that Amazon acknowledged that it owed only $33,000.00. Docket No. 533, p. 4. The Trustee does not dispute these assertions. Docket No. 534, p. 3.

F. *The Amended G2 Claims.*

37. On June 9, 2025, the day before the hearing on this Motion, the G2 Claimants filed Amended Proofs of Claim.

---

*v. Jenkins*, Case No. 3:23-cr-00011-RSB-JCH-1 (W.D. Va.). Sheriff Jenkins, with whom Mr. Rahim allegedly conspired for the issuance of a gun permit in violation of federal law (Mr. Rahim was a convicted felon at the time) has been fully pardoned by President Trump. *Id.*, Docket No. 345.

Mr. Gumbinner is quick to point out that "the Debtor's principal, Rahim, has recently pled to federal criminal charges of tax fraud and wire fraud." G2 Obj., Docket No. 533, p. 2 n.1. Mr. Gumbinner neglects to mention that he himself pled guilty to Bribery Concerning Programs Receiving Federal Funds in the Sheriff Jenkins case. *United States v. Jenkins*, Case No. 3:23-cr-00011-RSB-JCH-3 (W.D. Va.).

[6] At the June 10th hearing, the Trustee advised the Court that she was not seeking approval of the Final Report in its current form because she has incurred additional legal fees which will need to be accounted for in an Amended Final Report.

6

38. G2 BVM filed Amended Claim No. 8-2, claiming that the value of its collateral is $35,000.00, and asserting an unsecured deficiency claim in the amount of $2,944,209.00.

39. The Gumbinner Trust filed Amended Claim No. 9-3, asserting that its entire claim is unsecured.

**Conclusions of Law**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Order of Reference entered by the U.S. District Court for this District on August 15, 1984. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) (matters concerning the administration of the estate), (B) (allowance or disallowance of claims against the estate), and (O) (other proceedings affecting the liquidation of the estate).

The issues before the Court are: (a) whether the Amended G2 Claims are new claims, and therefore late-filed claims; and (b) if the Amended G2 Claims are not new claims, whether they should be disallowed as unduly prejudicial to the bankruptcy estate. The Court will address these issues below.

I.     **The Amended G2 Claims Are Not New Claims.**

In Chapter 7 cases, timely-filed claims are entitled to be paid ahead of late-filed claims. 11 U.S.C. §§ 726(a)(2)(A) (second priority for timely-filed unsecured claims), 726(a)(3) (third priority for tardily-filed unsecured claims). Where the distribution to timely filed claims is less than 100%, any untimely claims are not entitled to a distribution. If the Amended G2 Claims are treated as new claims, they are not timely and are not entitled to a distribution in this case.

Courts employ Federal Rule of Civil Procedure 15(c)'s relation-back standard, of whether the amended claim arises out of the same transaction or occurrence, to determine whether a claim is a new claim. *In re Ayres-Haley*, No. 07-10314-SSM, 2008 WL 163580, at *2 (Bankr. E.D. Va.

Jan. 16, 2008); *In re Richard Roberts Lexington Assocs. Ltd.*, 171 B.R. 546, 548 (Bankr. W.D. Va. 1994). Unsecured deficiency claims are generally considered to be amended, and not new, claims because they arise out of the same transaction or occurrence as the secured claim. *In re Baker*, No. 11-32225-BKC-PGH, 2015 WL 13049756, at *4 (Bankr. S.D. Fla. May 5, 2015); *In re Channakhon*, 465 B.R. 132, 142 (Bankr. S.D. Ohio 2012); *In re Spurling*, 391 B.R. 783, 786 (Bankr. E.D. Tenn. 2008).

In this case, the Amended G2 Claims arise out of the same transaction or occurrence as the original G2 Claims—the monies loaned to the Debtor. G2 BVM's original claim stated that the value of its collateral was "unknown." The Gumbinner Trust's original claim did not state a value for its collateral. The Court concludes that the Amended G2 Claims are amended, and not new, claims.

    **II.**    **The Amended G2 Claims are Not Unduly Prejudicial to the Administration of the Bankruptcy Estate.**

The Court turns to whether allowing the Amended G2 Claims would be unduly prejudicial to the administration of the bankruptcy estate.

Section 506(a)(1) of the Bankruptcy Code provides as follows:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

11 U.S.C. § 506(a)(1). The G2 Claimants hold secured claims to the extent of the value of their collateral (in this case, $35,000.00), and unsecured claims to the extent of any deficiency. The

8

question is whether the Court should allow the G2 Claimants to amend their claims at the eleventh hour, as the Trustee argues.[7]

There is no time limit in the Code or in the Bankruptcy Rules for amendments to timely-filed proofs of claim. *In re Landron*, No. 19-05064, 2023 WL 1460543, at *8 (Bankr. D.P.R. Feb. 1, 2023); *In re GDC Technics, LLC*, 643 B.R. 417, 435 (Bankr. W.D. Tex. 2022); *In re Parker*, No. 18-23444, 2022 WL 17591603, at *5 (Bankr. W.D. Tenn. Dec. 8, 2022). Rather, courts apply Federal Rule of Civil Procedure 15's factors such as undue delay, bad faith, undue prejudice and futility of any proposed amendments. *PHH Mortg. Corp. v. Johnson*, 563 F. Supp. 3d 627, 631 (S.D. Tex. 2021); *In re GDC Technics*, 643 B.R. at 435; *In re Workman*, 373 B.R. 460, 466–67 (Bankr. D.S.C. 2007).

The G2 Claimants filed the Amended G2 Claims the day before the hearing on approval of the Trustee's Final Report. There is, however, no deadline in the Code or in the Bankruptcy Rules to file amendments to proofs of claim. Had the G2 Claimants waited until after the Trustee's Final Report was approved, and the funds been distributed to the claimants, the Court would view the matter differently. A system that does not impose any deadline for filing amended claims but disallows amended claims because they were filed late in the game, however, would raise serious due process concerns. *Cf. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 398 (1993) (finding excusable neglect under Bankruptcy Rule 9006(b)(1) and noting that

---

[7] It is not unusual in this District for confirmed Chapter 13 Plans to contain a provision that require amended, unsecured deficiency claims to be filed within a certain number of days after the surrender of the creditor's collateral. This case is a Chapter 7 case, and no Plan was ever confirmed while the case enjoyed its brief stay in Chapter 11. The Court is aware of one bankruptcy court with a local rule requiring deficiency claims to be filed within 120 days of a relief from stay order, "but in no event later than the approval of a final report." *In re Epps*, No. 16-33158, 2021 WL 268265, at *2 (Bankr. W.D. Ky. Jan. 20, 2021) (quoting W.D. Ky. L.B.R 3001-1(c)(1)). The Amended G2 Claims were filed before approval of the Trustee's Final Report.

"ordinarily the bar date in a bankruptcy case should be prominently announced and accompanied by an explanation of its significance.")[8]

The Trustee and Mr. Gross assert that there is prejudice in allowing the Amended Claims because doing so will dramatically diminish the creditors' expected returns under the Final Report. Amendments for unsecured deficiency claims, however, always diminish creditors' expected returns. *In re Parrott Broad. Ltd. P'ship*, 518 B.R. 602, 612 (Bankr. D. Idaho 2014) ("a mere reduction in the distribution is not sufficient prejudice to justify disallowing [an] amended claim" (alteration in original)); *In re Channakhon*, 465 B.R. at 144 ("a decreased dividend—in and of itself—'does not establish the kind of 'prejudice' [that] would preclude amendment' of a creditor's claim" (citation omitted)). This alone cannot be a reason to disallow the amendments; otherwise, amended deficiency claims would never be allowed.

There is no legally cognizable prejudice in allowing the Amended G2 Claims. The creditors never had a legitimate expectation of a 43% return before approval of the Trustee's Final Report. *See In re Baker*, 2015 WL 13049756, at *4 (noting that "the Trustee has not filed his final report in this case, so no prejudice will result to other creditors or to the administration of the estate by allowing the amendment.") This case stands in contrast to *In re Ayers-Haley*, where the creditor "did not file an amended proof of claim asserting an unsecured claim until some five months after the claims bar date had passed and two months after the trustee had filed his report of completion of plan payments and the debtor had received a discharge." *In re Ayres-Haley*, 2008 WL 163580, at *3. Here, the Trustee has not commenced any distributions to the claimants because the Final Report has not been approved.

---

[8] Excusable neglect is not at issue because there was never a deadline for filing amended claims.

Mr. Gross argued at the hearing that the G2 Claimants were guilty of laches. Laches requires both the passage of time and prejudice as a result of the delay. *LLT Mgmt. LLC v. Emory*, 766 F. Supp. 3d 576, 588–89 (E.D. Va. 2025); *Brink v. McDonald*, No. 4:14CV24, 2015 WL 1731476 (E.D. Va. Apr. 14, 2015). There is no prejudice here because the claimants never had a legitimate expectation of a return at the proposed 43% in the Trustee's Final Report. The Court understands the claimants' disappointment, but disappointment does not rise to legal prejudice.[9]

The Trustee is correct that she is not in a position to assess the value of secured creditors' collateral, and has no duty to do so. *Slobodian v. Cap. for Merch., LLC* (*In re ABS Ventures, Inc.*), 523 B.R. 443, 453 (Bankr. M.D. Pa. 2014) ("It is not a trustee's duty, however, to correct or amend a claim so that a creditor may receive disbursements from an estate. In particular, it is not a trustee's responsibility to reclassify as unsecured a claim originally filed as secured"); *In re Channakhon*, 465 B.R. at 138 ("§ 704(5) does not require a Chapter 7 trustee to reclassify a secured claim as unsecured if the only purpose served by the reclassification is a reduction of the distribution to creditors who filed timely unsecured proofs of claim.") The G2 Claimants, on the other hand, are entitled to assert their unsecured deficiency claims unless the Court finds undue prejudice to the bankruptcy estate, which it does not.

Finally, the Trustee argues that allowing the Amended G2 Claims inevitably will result in litigation over the validity and amount of the Amended G2 Claims. The Court acknowledges that this is a legitimate concern. The prospect of litigation over the validity and amount of an amended claim, though, is not a reason to disallow the claim in its entirety. *Cf.* 11 U.S.C. § 502(b) ("if such

---

[9] The Court also rejects Mr. Gross's argument that he could have sold his claim during the course of the case, and he has lost that opportunity. Claim values fluctuate throughout the course of a bankruptcy case and any event in the case—the settlement of a fraudulent transfer claim, for example, or the allowance of a late or an amended claim—may cause significant fluctuations.

objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim.")

The Court concludes that it cannot approve the Trustee's Final Report because the Report does not propose to pay any distribution to the G2 Claimants on their Amended Claims.

### Conclusion

It is therefore **ORDERED**:

1. The Objection of the G2 Claimants (Docket No. 533) to the Trustee's Final Report (Docket No. 528) is sustained.

2. The Clerk shall mail copies of this Memorandum Opinion and Order, or provide CM-ECF notice of its entry, to the parties below.

Date: Jul 15 2025

Alexandria, Virginia

/s/ Brian F Kenney
HONORABLE BRIAN F. KENNEY
CHIEF U.S. BANKRUPTCY JUDGE

Entered on Docket  Jul 15 2025

Copies to:

BV Management LLC
10001 Georgetown Pike
Suite 1170
Great Falls, VA 22066
*Chapter 7 Debtor*

John P. Forest, II
11350 Random Hill Rd.
Suite 700
Fairfax, VA 22030
*Counsel for Debtor*

Rick Rahim
PO Box 1170
Great Falls, VA 22066
*Debtor Designee*

Janet M. Meiburger
1487 Chain Bridge Rd., Ste 200
McLean, VA 22101
*Chapter 7 Trustee*

Robert M. Marino
510 King Street, Suite 301
Alexandria, VA 22314-3143
*Counsel for Chapter 7 Trustee*

Matthew W. Cheney
1725 Duke Street, Suite 650
Alexandria, VA 22314
*U.S. Trustee*

United States Bankruptcy Court

Eastern District of Virginia

| | |
|---|---|
| In re: | Case No. 22-10662-BFK |
| BV Management LLC | Chapter 7 |
|     Debtor | |

## CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0422-9 | User: CynthiaBa | Page 1 of 2 |
| Date Rcvd: Jul 15, 2025 | Form ID: pdford9 | Total Noticed: 3 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 17, 2025:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | BV Management LLC, 10001 Georgetown Pike, Suite 1170, Great Falls, VA 22066-8054 |
| desig | + | Rick Rahim, PO Box 1170, Great Falls, VA 22066-8170 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| smg | + | Email/Text: ustpregion04.ax.ecf@usdoj.gov | Jul 16 2025 00:49:00 | UST smg Alexandria, Office of the U. S. Trustee, 1725 Duke Street, Suite 650, Alexandria, VA 22314-3489 |

TOTAL: 1

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

| | | |
|---|---|---|
| Date: Jul 17, 2025 | Signature: | /s/Gustava Winters |

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 15, 2025 at the address(es) listed below:

**Name**      **Email Address**

Alan D. Bart
     on behalf of Defendant Synchrony Bank abart@reedsmith.com  sragsdale@reedsmith.com;DocketingECF@ReedSmith.com

Christopher L. Perkins
     on behalf of Creditor Luxury Lease Company  LLC cperkins@eckertseamans.com

Dylan G. Trache
     on behalf of Defendant TD Ameritrade  Inc. dylan.trache@nelsonmullins.com, linnea.hann@nelsonmullins.com;alexandria.tracy@nelsonmullins.com;mari.cooper@nelsonmullins.com

| | |
|---|---|
| Evan Michael Stepanick | on behalf of Unknown Walton & Adams P.C. estepanick@walton-adams.com |
| Gregory S. Bean | on behalf of Defendant Performance Automotive Group Inc. gbean@whitefordlaw.com, hbean@grsm.com;ksnow@grsm.com |
| Gregory S. Bean | on behalf of 3rd Party Plaintiff Performance Automotive Group Inc. gbean@whitefordlaw.com, hbean@grsm.com;ksnow@grsm.com |
| J. Ellsworth Summers, Jr. | on behalf of Defendant Discover Financial Services Inc. esummers@burr.com, sguest@burr.com |
| Janet M. Meiburger | trustee@meiburgerlaw.com VA41@ecfcbis.com;trustee@meiburgerlaw.com |
| Janet M. Meiburger | on behalf of Plaintiff Janet M. Meiburger trustee@meiburgerlaw.com VA41@ecfcbis.com;trustee@meiburgerlaw.com |
| Janet M. Meiburger | on behalf of Trustee Janet M. Meiburger trustee@meiburgerlaw.com VA41@ecfcbis.com;trustee@meiburgerlaw.com |
| Janet M. Meiburger, Esq. | on behalf of Plaintiff Janet M. Meiburger trustee@meiburgerlaw.com |
| John Darren Sadler | on behalf of Counter-Claimant Citibank N.A. sadlerj@ballardspahr.com, andersonn@ballardspahr.com |
| John Darren Sadler | on behalf of Defendant Citibank N.A. sadlerj@ballardspahr.com, andersonn@ballardspahr.com |
| John P. Forest, II | on behalf of Debtor BV Management LLC john@forestlawfirm.com |
| Jonathan Baird Vivona | on behalf of Creditor David Amsellem jvivona@vpbklaw.com notices@vpbklaw.com |
| Kevin M. O'Donnell | on behalf of Creditor G2 BVM LLC kmo@henrylaw.com mbp@henrylaw.com;odonnell.kevinb@notify.bestcase.com |
| Kevin M. O'Donnell | on behalf of Creditor The Fred R. Gumbiner Living Trust kmo@henrylaw.com mbp@henrylaw.com;odonnell.kevinb@notify.bestcase.com |
| Laura L. McCloud | on behalf of Creditor TN Dept of Revenue laura.mccloud@ag.tn.gov |
| Matthew W. Cheney | ustpregion04.ax.ecf@usdoj.gov |
| Maurice Belmont VerStandig | on behalf of Creditor Cedar Glade LP mac@mbvesq.com lisa@mbvesq.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email |
| Rachel Ross Friedman | on behalf of Defendant Discover Financial Services Inc. rfriedman@burr.com, sfoshee@burr.com |
| Robert M. Marino | on behalf of Plaintiff Janet M Meiburger rmmarino@rpb-law.com rmmarino1@aol.com |
| Robert M. Marino | on behalf of Special Counsel Robert M. Marino rmmarino@rpb-law.com rmmarino1@aol.com |
| Robert M. Marino | on behalf of Trustee Janet M. Meiburger rmmarino@rpb-law.com rmmarino1@aol.com |
| Robert M. Marino | on behalf of Plaintiff Janet M. Meiburger Trustee rmmarino@rpb-law.com, rmmarino1@aol.com |
| Sara Kathryn Jackson | on behalf of U.S. Trustee Matthew W. Cheney sara.kathryn.jackson@usdoj.gov Robert.W.Ours@usdoj.gov |
| United States Trustee | USTPRegion04.NO.ECF@usdoj.gov ustpregion04.ax.ecf@usdoj.gov;USTPRegion04.RH.ECF@usdoj.gov |
| Walter John Buzzetta | on behalf of Defendant PHH MORTGAGE CORPORATION wbuzzetta@stradley.com |
| William Calvin Smith | on behalf of Creditor Mark Gross csmith@dbllawyers.com ecf@dbllawyers.com |

TOTAL: 29