**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| IN RE: | ) | |
| | ) | |
| BV MANAGEMENT LLC | ) | Case No. 22-10662-BFK |
| | ) | Chapter 7 |
| Debtor | ) | |
| | ) | |

**TRUSTEE'S MOTION TO APPROVE COMPROMISE
REGARDING THE CLAIMS OF G2BVM, LLC (CLAIM 8-2)
AND THE FRED R. GUMBINNER LIVING TRUST (CLAIM 9-3)**

Janet M. Meiburger, Chapter 7 Trustee, by her undersigned counsel, hereby moves, pursuant to Fed. R. Bankr. P. 9019, for approval of the compromise she has reached with G2 BVM, LLC and The Fred R. Gumbinner Living Trust regarding their claims, Claim 8-2 and Claim 9-3 respectively.  In support of this Motion, the Trustee states as follows:

1.      On May 26, 2022, the Debtor filed a voluntary petition for relief pursuant to Chapter 11 Subchapter V of the Bankruptcy Code (the "Petition Date"). On July 27, 2022, the Court entered an order converting the case to a case under Chapter 7 (Bankruptcy Docket No. 64). The Trustee was appointed on July 28, 2022 (Bankruptcy Docket No. 66).

2.      On September 4, 2022, the Court issued a Notice of Need to File Proof of Claim, setting a deadline of December 5, 2022 to file claims in the Chapter 7 case (Bankruptcy Docket No. 130).

3.       On December 2, 2022, Claim 8-1 was filed on behalf of G2 BVM, LLC and Claim 9-1 was filed on behalf of The Fred R. Gumbinner Living Trust (the "Claimants").  Claim

Janet M. Meiburger, VA Bar No. 31842
The Meiburger Law Firm, P.C.
P.O. Box 7264
Arlington, VA 22207
(703) 556-7871
Counsel for Chapter 7 Trustee

8-1 was in the amount of $2,979,209.00 and Claim 9-1 was in the amount of $342,143.00. Fred

Gumbinner is the representative of both of the Claimants.

4.      Both claims included credit card and other financing provided to the Debtor.

Claim 8-1 also included lost reward points, damages for adverse credit impact, the value of an

equity interest in the Debtor, and substantial fees. Both claims also included equity distributions

allegedly owed by the Debtor.

5.       Both claims stated that all or part of the claim was secured. However, Claim 8-1

stated that the amount of the claim that was secured and the amount that was unsecured was

"Unknown," and Claim 9-1 left the amount secured and the amount unsecured blank.

6.      On May 5, 2025, the Trustee Final Report Before Distribution ("TFR") was filed

(Docket No. 528). The TFR showed Claims 8-1 and 9-1 as allowed secured claims but as not

receiving any distribution because the Trustee did not administer the collateral securing these

claims, which is the customary treatment for secured claims in which the Trustee does not

liquidate the collateral for the claim.

7.      The Claimants filed an objection to the TFR on the grounds that their claims were

almost completely unsecured because the value of their collateral was minimal, and that

therefore they should participate in the distribution to unsecured creditors (Docket No. 533).

They also filed amended claims, Claim 8-2 and 9-3. Claim 8-2 was in the same total amount as

Claim 8-1, $2,979,209.00, but it showed the secured amount as $35,000.00 and the unsecured

amount as $2,944,209.00. Claim 9-3 was in the same amount as Claim 9-1, $342,143.00, but it

stated that the entire claim was unsecured.

8.      The Trustee filed a response to the Claimants' objection to the TFR (Docket No.

534), arguing that the amended claims should be treated as untimely, which would mean that

they would not receive any distribution under the TFR.  The Trustee's response made clear that, even if the amended claims were allowed as timely, the allowed amount of the amended claims remained an open issue.

9.  After a hearing held on June 10, 2025, the Bankruptcy Court issued its Memorandum Opinion and Order Sustaining Objection to Trustee's Final Report (Bankruptcy Docket No. 541), allowing Claims 8-1 and 9-3 as timely and declining to approve the TFR.  The Memorandum Opinion recognized that the allowed amount of the amended claims had not been resolved.  The Trustee appealed this ruling.

10.  In an effort to resolve the appeal, Mr. Gumbinner provided information to explain the components of the amended claims.  In addition, the Trustee met with Mr. Gumbinner and his counsel to discuss which portions of the amended claims might be subject to disallowance or subordination if the District Court affirmed the Bankruptcy Court decision, such as amounts included in claims filed by other creditors, duplicate amounts included in both claims, amounts consisting of equity interests and unpaid equity distributions, and nonpecuniary penalties which are subordinated pursuant to 11 U.S.C. §726(a)(4) and therefore would not receive a distribution. However, the parties did not reach an agreement that would resolve the appeal.

11.  On April 8, 2026, the U.S. District Court issued its decision upholding the Bankruptcy Court's decision allowing the amended claims as timely (Bankruptcy Court Docket No. 554).

12.  The parties' previous discussions have now enabled them to reach a compromise, subject to Bankruptcy Court approval, as to the allowed amount of the claims.

13.  The agreement for which the Trustee seeks approval is that the claims will be allowed as unsecured claims in the aggregate amount of $1,600,000.00.  This amount will be

allocated proportionally to Claims 8-2 and 9-3, so that 89.7%, or $1,435,200.00, will be allocated to Claim 8-2 as an unsecured claim and $164,800.00, or 10.3%, will be allocated to Claim 9-3 as an unsecured claim.  Under this compromise, Claims 8-2 and 9-3 will absorb approximately 70% of the distribution to unsecured creditors.

14.     The legal standard for determining the propriety of a bankruptcy settlement is whether the proposed settlement is fair and equitable.  "[T]he court is to consider the probability of the trustee's success in any ensuing litigation, any collection difficulties, the complexity, time and expense of the litigation, and the interests of creditors with proper deference to their reasonable views."  In re Austin, 186 B.R. 397, 400 (Bankr. E.D. Va. 1995).  The Trustee believes that the compromise described herein is an appropriate resolution of the amount of Claims 8-2 and 9-3 and is in the best interest of the other creditors.  Mr. Gumbinner has agreed to a significant reduction in the claims.  Absent a settlement, the claims would be costly to litigate and, as with any litigation, the outcome would be uncertain.  In addition, the proposed compromise will enable the Trustee to make a distribution to creditors in the near future, and will avoid the significant delay that would result if litigation were necessary.

WHEREFORE, Janet M. Meiburger, Chapter 7 Trustee, by counsel, hereby respectfully requests that the Court enter an order approving the proposed compromise with regard to Claim 8-2 filed on behalf of G2BVM LLC and Claim 9-3 filed on behalf of The Fred R. Gumbinner Living Trust, as described herein, and granting such other and further relief as the Court deems appropriate under the circumstances.

Respectfully submitted,

The Meiburger Law Firm, P.C.

Dated: May 8, 2026                    By: /s/ Janet M. Meiburger
                                      Janet M. Meiburger (VSB No. 31842)

The Meiburger Law Firm, P.C.
P.O. Box 7264
Arlington, VA  22207
(703) 556-7871
Counsel for Chapter 7 Trustee

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY certify that on this 8th day of May, 2026, a true and correct copy of the foregoing Trustee's Motion to Approve Compromise Regarding the Claims of G2BVM, LLC (Claim 8-2) and The Fred Gumbinner Living Trust (Claim 9-3) will be served by ECF e-mail pursuant to the applicable Standing Order of the Court.

/s/ Janet M. Meiburger
Janet M. Meiburger

J:\Trustee\BV Management, LLC (22-10662)\Pleadings\Gumbinner.Settlement Motion.3.doc

6